```
                 IN THE UNITED STATES BANKRUPTCY COURT

                  FOR THE SOUTHERN DISTRICT OF TEXAS

                           GALVESTON DIVISION

                                     )
IN RE                                )
                                     )
JOYCE M. HARE,                       )  CASE NO. 05-81664-G3-13
                                     )
          Debtor,                    )
                                     )
```

MEMORANDUM OPINION

The court has considered the "Debtor's Motion for Reconsideration" (Docket No. 48), regarding the court's order (Docket No. 42) denying approval of a proposed modification of the confirmed Chapter 13 plan. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting reconsideration, and once again denying approval of the proposed modification. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Joyce M. Hare ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 8, 2005.

On November 7, 2005, Debtor filed her second amended Chapter 13 plan (Docket No. 22). The second amended plan was confirmed by order entered November 22, 2005 (Docket No. 26).

In pertinent part, the confirmed plan provided for Debtor to pay regular monthly mortgage payments to the mortgage company during the 60 month term of the plan, and for Debtor to pay to the Chapter 13 Trustee $125 per month for the first two months, $145 per month for the following three months, and $160 per month for the following 55 months, from which $5,514.93 was to be disbursed to the mortgage company by the Trustee, in months 14 through 58 of the term of the plan.

On April 3, 2006, the Chapter 13 Trustee moved to dismiss the case, asserting that Debtor had failed to pay $465 of the $1,325 in payments which had become due under the plan. (Docket No. 36).

On April 19, 2006, Debtor filed an amended motion to modify the plan.  The proposed modification called for an increase in payments from $160 to $290 in months 11 through 60 of the plan, and forgiveness of the unpaid plan amounts.  The proposed modification called for payment through the Chapter 13 Trustee of a postpetition mortgage arrearage in addition to the prepetition arrearage provided for in the confirmed plan.  The motion to modify called for Debtor to continue to pay regular monthly mortgage payments to the mortgage company during the remaining term of the plan.  (Docket No. 39).  The Chapter 13 Trustee recommended approval of the modification.  (Docket No. 41).  No objections were filed as to either the motion to modify

or the instant motion.

By order entered June 12, 2006, this court denied approval of the modification, without prejudice, for the reason that the proposed modified plan showed insufficient funds to pay the regular monthly mortgage payment through the Trustee. (Docket No. 42).

In the instant motion, Debtor seeks reconsideration of the order denying approval of the proposed modification, because Debtor was not permitted to present testimony in support of the proposed modification regarding her changed circumstances.

## Conclusions of Law

Section 1329(a) of the Bankruptcy Code, as it was in effect on the petition date, provides:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>
> > (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> >
> > (2) extend or reduce the time for such payments;
> >
> > (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan, to the extent necessary to take account of any payment of such claim other than that under the plan.

11 U.S.C. § 1329(a) (1978)(amended 2005).

The Bankruptcy Local Rules for the Southern District of Texas were amended, effective on October 17, 2005.

As amended, Local Rule 3015(d) provides:

> (d) Plan Modifications. Debtor's motions to modify a confirmed plan must include:
>
> > (1) A revised plan, in the form of the uniform plan.
> >
> > (2) A revised plan summary, in the form of the uniform plan summary.
> >
> > (3) A side-by-side comparison of payments under the prior plan and the proposed plan.
> >
> > (4) A description of the following:
> >
> > > (A) The reason why the debtor's current plan must be modified.
> > >
> > > (B) If the debtor's plan must be modified because of a payment default to the trustee or to a creditor, a description of the reason why the payment default occurred.
> > >
> > > (C) If the reason was a temporary loss of employment, the motion must describe whether new employment was obtained.
> > >
> > > (D) The changes in the debtor's fixed expenses (e.g., whether an asset has been abandoned, a less expensive car has been purchased, or other events have occurred that affect the feasibility of the proposed modification).
> > >
> > > (E) A copy of the debtor's current Schedules I and J must be attached to the motion to modify the plan.

Local Rule 3015(d).

Concurrently with the amendment to the Local Rules, the court adopted the Home Mortgage Payment Procedures. The

4

procedures provide in pertinent part:

> The debtor's plan payments to the chapter 13 trustee shall include the amount due on the debtor's regular monthly mortgage installments for a claim secured by a security interest in real property that is the debtor's principal residence pursuant to the terms of 11 U.S.C. § 1322(b)(5) ("the ongoing mortgage") unless there is no default on the mortgage as of the petition date, the date of plan confirmation and the date of the filing of a plan modification.

Chapter 13 Trustee Procedures for Administration of Home Mortgage Payments Adopted by the Court on September 29, 2005.

The court has previously addressed the question of whether to permit direct payment of home mortgages in cases filed after the effective date of the home mortgage payment procedures. Those considerations apply with equal force to motions to modify plans confirmed prior to the effective date of the home mortgage payment procedures.  In particular, if a debtor proposes to modify a confirmed Chapter 13 plan to include payment of a postpetition mortgage arrearage, the considerations weigh strongly against approval of continued direct payment of regular monthly mortgage payments.  The considerations previously identified by the court are:  (1) the degree of responsibility of the debtor, as evidenced by his past dealing with his creditors; (2) the reasons contributing to the debtor's need for filing a Chapter 13 petition and plan; (3) any delays that the trustee might make in remitting the monthly payment to the targeted creditor; (4) whether the proposed plan modifies the debt; (5) the sophistication of the targeted creditor; (6) the ability and

5

incentive of the creditor to monitor payments; (7) whether the debt is a commercial or consumer debt; (8) the ability of the debtor to reorganize absent direct payments; (9) whether the payment can be delayed; (10) the number of payments proposed to pay the targeted claim; (11) whether a direct payment by the debtor under the proposed plan will impair the trustee's ability to perform his standing trustee duties; (12) unique or special circumstances of a particular case; (13) the business acumen of the debtor; (14) the debtor's post-filing compliance with statutory and court-imposed duties; (15) the good faith of the debtor; (16) the plan treatment of each creditor to which a direct payment is proposed to be made; (17) the consent, or lack thereof, by the affected creditor to the proposed plan treatment; (18) the ability of the trustee and the court to monitor future direct payments; (19) the potential burden on the trustee; (20) the possible effect upon the trustee's salary or funding the U.S. Trustee system; and (21) the potential for abuse of the bankruptcy system.  In re Perez, (Case No. 05-95103-H4-13, Bankr. S.D. Tex., Slip Op. March 23, 2006)(internal citations omitted).

The instant case is governed by In re Phillips, Case No. 05-81458-G3-13 (Bankr. S.D. Tex., Slip Op. June 7, 2006).  In Phillips, this court denied approval of a motion to modify in which the debtor proposed to cure a postpetition mortgage arrearage by making payments through the Trustee, while

continuing to pay the regular monthly mortgage payment directly to the lienholder, for the reason that the standard form of uniform plan requires the Chapter 13 Trustee to pay the regular monthly mortgage payment, but does not provide a source of funds to do so.  Like the proposed modified plan in <u>Phillips</u>, the proposed modified plan in the instant case calls for the Chapter 13 Trustee to pay the regular monthly mortgage payment, without providing a source of funds to do so.  The court concludes that the modification should be denied for that reason.

   Based on the foregoing, a separate Judgment will be entered granting reconsideration, and, on reconsideration, denying approval of the modification.

   Signed at Houston, Texas on March 6, 2007.

            */s/ Letitia Z. Clark*
            _____
            LETITIA Z. CLARK
            UNITED STATES BANKRUPTCY JUDGE